1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC., | ) | 1:10cv01108 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER REMANDING ACTION |
| Plaintiff, | ) | TO STATE COURT |
| | ) | |
| v. | ) | ORDER DENYING APPLICATION TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| BERT GULLATT, | ) | (Document 2) |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Bert Gullatt ("Defendant"), proceeding pro se, removed this action from the Stanislaus County Superior Court on June 18, 2010.  He also filed an application to proceed in forma pauperis.

**DISCUSSION**

Here, Defendant has attempted to remove an action based wholly on state law.  The underlying complaint is an unlawful detainer action filed by Plaintiffs Aurora Loan Services, LLC., on May 14, 2010, in Stanislaus County Superior Court.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint.  28 U.S.C. § 1441.  If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4) (emphasis added).  These removal statutes are strictly

1

1  construed against removal and place the burden on the petitioner to demonstrate that removal

2  was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.2009) (citing

3  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992)).

4       Federal courts have original jurisdiction over civil actions "rising under the Constitution,

5  laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if,

6  based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action.  Vaden

7  v. Discovery Bank, 129 S.Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal

8  question do not satisfy this requirement.  Id. at 1273.

9       Defendant has failed to demonstrate that the action arises under federal law.  An unlawful

10  detainer action arises under state law and does not involve any federal claims.  Although

11  Defendant contends in his notice of removal that this action should be removed based on another

12  action he filed here that allegedly raises a federal question,[1] he is incorrect.  Removal must be

13  based on the underlying complaint, which here raises only an issue of state law.  Defendant has

14  therefore failed to show that removal is proper and this Court lacks subject matter jurisdiction.

15  **ORDER**

16       The Court ORDERS that this action be REMANDED to Stanislaus County Superior

17  Court.  The Court further ORDERS that Defendant's application to proceed in forma pauperis is

18  DENIED AS MOOT.

19

20

21  IT IS SO ORDERED.

22

   Dated:   June 24, 2010

23                  CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28      [1] Plaintiff references 1:10cv1109 AWI SKO, an action he filed here based on the "Protecting Tenants at Foreclosure Act of 2009."  It is questionable whether that statute provides a private right of action, though this order does not address that issue.